IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ELIS PACHECO                          :CIVIL ACTION
40 W. 37th Street, #1100
NY NY 10018,          Plaintiff,    NO. _____

    vs.                               :

                                      **JURY TRIAL DEMANDED**

SANDRA PADJAN
14382 Hoover Street, A2
Westminster, CA 92683


                                      :
                      AND

XCENTRIC VENTURES LLC
d/b/a RIPOFF REPORT
PO Box 470
Phoenix AZ 85280        Defendants.   :
_____

## CIVIL COMPLAINT

### A. JURISDICTION and VENUE

1.   Jurisdiction is based diversity of citizenship.

2.   Venue is proper here under applicable statute.

### B.  THE PARTIES

3.   Plaintiff ELIS PACHECO ("PACHECO") is a private adult

individual with his principal place of business at the above

address; for more than thirty (30) years, plaintiff PACHECO has

been involved in the entertainment business, inclusive but not

limited to promotions, marketing, and personal management.

4.   Defendant SANDRA PADJAN (hereinafter "PADJAN") is a

private adult individual who upon information and belief resides

and/or does business at the above address; defendant PADJAN also

does business in the United States and within this District.

5.   Defendant XCENTRIC VENTURES, LLC d/b/a "RIPOFF REPORT"

(hereinafter "XCENTRIC") is a domestic limited liability company with its registered office located at the above address, doing business within the District; defendant XCENTRIC operates a website devoted to publishing derogatory information about individuals and business entities.

6. At all times material hereto, defendants PADJAN and XCENTRIC acted individually, and/or through the acts of their agents, servants, employees, representatives, officers, and the Like, performing in the course of their employment and scope of duties.

## C. FACTUAL BACKGROUND

7. During or about May 27, 2014, defendant PADJAN submitted a Complaint to XCENTRIC, which XCENTRIC published on its website; in turn, the information set forth on the Complaint became widely circulated on the internet worldwide.

8. The information provided by PADJAN to XCENTRIC was false, defamatory and libelous Per Se.

9. Said false, defamatory, and libelous information was inclusive but not limited to the following utterances:
" . . . he's nothing but a filthy criminal . . ."
" . . . he steals from others . . ." . See Exhibit A, attached.

10. Despite repeated demand, the false information appears on defendant XCENTRIC's website, widely circulated across the internet.

## D. CAUSES OF ACTION

### COUNT ONE: DEFAMATION

**(AGAINST BOTH DEFENDANTS)**

11. Paragraphs 1 through 10 are incorporated by reference as though fully set forth herein and made a part hereof.

12. Defendants conspired to publish false statements regarding plaintiff.

13. The false statements are inclusive but not limited to labeling plaintiff as dishonest, a criminal, and someone who steals from others.

14. Those statements are patently false.

15. The defamatory statements are libelous per se and actionable on their face; said libelous statements are outrageous, published recklessly, wantonly, willfully, and with disregard for plaintiff's rights and welfare- warranting an award of punitive damages.

16. As a proximate result of the defamation, plaintiff has suffered irreparable damage to his reputation, and further, suffered lost prospective business opportunities.

17. Defendants are liable to plaintiff for defamation.

WHEREFORE, on Count One, plaintiff demands judgment in his favor, and against defendants, jointly and severally, as follows:

a) Compensatory damages for a sum to be proven at trial for loss of reputation and loss of prospective business;

b) Punitive damages;

c) Reasonable counsel fees and costs;

d) Such other relief as this Court may deem proper.

### COUNT TWO: FALSE LIGHT (INVASION OF PRIVACY)

#### (AGAINST BOTH DEFENDANTS)

18. Paragraphs 1 through 17 are incorporated by reference as though fully set forth herein and made a part hereof.

19. The aforepleaded defamatory publication wrongfully placed plaintiff in a false light, thereby posing plaintiff as a dishonest thief and a generally despicable person.

20. Defendants are liable to plaintiff for invasion of privacy false light, entitling plaintiff to compensatory and punitive damages as set forth, supra.

WHEREFORE, on Count Two, plaintiff demands judgment in his favor, and against defendants, jointly and severally, as follows:

a) Compensatory damages for a sum to be proven at trial for loss of reputation and loss of prospective business;

b) Punitive damages;

c) Reasonable counsel fees and costs;

d) Such other relief as this Court may deem proper.

### COUNT THREE: TORTUOUS INTERFERENCE IN BUSINESS RELATIONS

#### (AGAINST BOTH DEFENDANTS)

21. Paragraphs 1 through 20 are incorporated by reference as though fully set forth herein and made a part hereof.

22. Defendants tortuously interference with plaintiff's business relations by posting false, defamatory, misleading

information about plaintiff and his business dealings on the
internet.

23.   Defendant EXCENTRIC's search engine optimization
ensured that the defamatory information would attain maximum
effect, harming plaintiff as greatly as possible.

24.   Defendants were aware that it is customary, in
plaintiff's line of work, for prospective customers to perform a
background check on plaintiff, simply by "Googling" plaintiff's
name.

25.   Defendants were also fully aware that despite
plaintiff's thirty (30) plus years of work which resulted in a
fine reputation, due to the modern miracles of the internet and
search engine optimization, defendants were able to ensure that
the defamatory information regarding plaintiff appears at or
near the top of the Google search re: plaintiff.

26.   The above-stated conduct constitutes unlawful actionable
tortuous interference with plaintiff's business relations.

27.   Said tortuous interference caused plaintiff loss of
reputation and lost prospective business, and was conducted
intentionally, maliciously, with malice and reckless disregard
for plaintiff's rights and welfare.

28.   Defendants are liable unto plaintiff for tortuous
interference of business relations.

## COUNT FOUR: MANDATORY INJUNCTION

### (AGAINST BOTH DEFENDANTS)

29. Paragraphs 1 through 28 are incorporated by reference as though fully set forth herein and made a part hereof.

30. Defendant's continued publication of false and defamatory information concerning plaintiff is causing plaintiff irreparable damage to his reputation.

31.  Plaintiff is entitled to mandatory injunction requiring defendants to permanently delete all derogatory information concerning plaintiff, and requiring defendants to notify all third parties which defendants communicate with to delete said derogatory information.

WHEREFORE, on Count Four, plaintiff demands judgment in his favor, and against defendants, jointly and severally, as follows:

a) Issuance of a mandatory permanent injunction against defendants, as aforepleaded;

b) Reasonable counsel fees and costs;

c) Such other relief as this Court may deem proper.

Dated: June 30, 2016        Respectfully submitted,

*/Simon Rosen, Esq./*

Law Office of Simon Rosen
By: Simon Rosen, Esq. (#6279)
ID No. 38603
2019 Walnut Street
Philadelphia, Pennsylvania 19103
Tel. (215)564-0212
Fax  (215)893-3900
Email: SimonOnKey@aol.com