IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ELIS PACHECO, | : | |
|           *Plaintiff*, | : | CIVIL ACTION |
| | : | |
|    v. | : | |
| | : | |
| SANDRA PADJAN and, | : | No. 16-3625 |
| XCENTRIC VENTURES LLC d/b/a | : | |
| RIPOFF REPORT | : | |
|           *Defendants*. | : | |

PRATTER, J.                                                                                                   NOVEMBER 8, 2016

## MEMORANDUM

**I.   Introduction**

Elis Pacheco filed suit against Defendants on July 1, 2016 asserting a number of claims arising out of alleged defamatory information published by Defendants on the Internet. Presently pending before the Court is Mr. Pacheco's motion for alternative service of process pursuant to Federal Rules of Civil Procedure 4(e)(1) and (h)(1)(A).

**II.  Discussion**

Rule 4(e)(1) allows a party to serve an individual defendant by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). Rule 4(h)(1)(A) allows a party to serve a corporation "in the manner prescribed by Rule 4(e)(1)." Fed. R. Civ. P. R. 4(h)(1)(A).

Mr. Pacheco bases his motion for alternative service on Pennsylvania Rule of Civil Procedure 430(a). Pennsylvania Rule of Civil Procedure 430(a) provides as follows:

1

> If service cannot be made under the applicable rule the plaintiff may move the court for a special order directing the method of service. The motion shall be accompanied by an affidavit stating the nature and extent of the investigation which has been made to determine the whereabouts of the defendant and the reasons why service cannot be made.

Pa. R. Civ. P. 430(a). Under Pennsylvania law, plaintiffs must meet three conditions for alternative service. First, the plaintiff must show a good faith effort to locate the defendant on which service is to be made. Second, the plaintiff must undertake practical efforts to serve the defendant under the circumstances. If the plaintiff has satisfied these first two steps, the plaintiff must then show that the proposed alternate method of service is reasonably calculated to provide the defendant with notice of the proceedings against him or her. *See Olympic Steel, Inc. v. Pan Metal & Processing, LLC*, No. 11-6938, 2012 WL 682381, at *2 (E.D. Pa. Mar. 2, 2012) (citing *Calabro v. Leiner*, 464 F. Supp. 2d 470, 470-71 (E.D. Pa. 2006)).

    A. **Good Faith Efforts to Locate Defendants**

In order to meet the "good faith effort" requirement, the note to Rule 430 provides an illustrative list of efforts to be made, including, (1) inquiries of postal authorities, including inquiries pursuant to the Freedom of Information Act, 29 C.F.R. Part 265, (2) inquiries of relatives, neighbors, friends, and employers of the defendant, and (3) examinations of local telephone directories, voter registration records, local tax records, and motor vehicle records. Pa. R. Civ. P. 430(a), note.

Mr. Pacheco has not demonstrated a good faith effort to locate either Xcentric or Sandra Padjan. Mr. Pacheco's lack of effort to locate Xcentric is particularly troublesome given the fact that Xcentric's legal department *contacted counsel for Mr. Pacheco* shortly after Mr. Pacheco filed his Complaint. Xcentric even provided Mr. Pacheco with an address, a P.O. Box in Tempe, Arizona. Doc. No. 4 ¶ 3. Mr. Pacheco argues that he was not able to locate Xcentric because a

P.O. Box is not a street address.  However, Mr. Pacheco could have taken some additional steps to locate a physical location to attempt service on Xcentric.  If Mr. Pacheco has taken any such efforts, he has not informed the Court.

Mr. Pacheco has similarly failed to locate Ms. Padjan or provide any indication of a concerted effort to locate her.  Rather, Mr. Pacheco has represented that he attempted service at Ms. Padjan's "last known place of business."  Doc. No. 4 ¶ 3.  Mr. Pacheco has not indicated that he took any steps to confirm Ms. Padjan was still employed at the subject business or that the subject business is still located at the stated location in California.  Mr. Pacheco has certainly not represented that he has made additional efforts to locate Ms. Padjan, such as pursuing any of the steps outlined in the note to Rule 430(a).

Accordingly, the Court is unable to determine that Mr. Pacheco has made a good faith effort to locate either defendant in this action.

### B. Practical Efforts to Serve Defendants

Before a court will permit alternative service, a plaintiff must demonstrate the practical efforts he or she has undertaken to serve the defendants.  "Half-hearted attempts at service will not do."  *Calabro*, 464 F. Supp. 2d at 473.  More specifically,

> [c]ourts in this district have found a plaintiff's efforts to be sufficient when he or she has made six attempts at service, or repeated attempts . . . including a stake out . . . .  On the other hand, courts have found efforts to be insufficient where three attempts were made with two falling on the same day of the week and two occurring at the same time of day, or when two attempts were made on consecutive days of the week with the first being made to a vacant office.

*Banegas v. Hampton*, No. 08-5348, 2009 WL 1140268, at *2 (E.D. Pa. Apr. 27, 2009) (internal citations and quotation marks omitted).

Here, Mr. Pacheco has not demonstrated more than half-hearted attempts at service.  With regard to Xcentric, Mr. Pacheco has merely alleged that he "has been unsuccessful at

3

effectuating original service of process" because Xcentric "seeks to evade service as a matter of course." Doc. No. 4 ¶ 5. Mr. Pacheco provides no details regarding his service attempts. With regard to Ms. Padjan, Mr. Pacheco has represented that he engaged a process server to serve Ms. Padjan at her last known place of business. The process server informed Mr. Pacheco on July 20, 2016 that they were unable to effectuate service after "multiple efforts." Doc. No. 4 ¶ 3. Again, Mr. Pacheco does not state how many times, the time(s) of day, or the day(s) of the week that the process server attempted service. Mr. Pacheco's attempts at service also appear to have ceased at the end of July 2016. Mr. Pacheco has not provided the Court with any indication that he made any efforts at service between the end of July 2016 and filing the present motion. Based on the information presented to the Court, the Court cannot determine that Mr. Pacheco has satisfied the requirement to make practical efforts to effectuate service.[1]

\* \* \*

Because Mr. Pacheco has failed to satisfy either of the first two conditions of Rule 430, the Court will deny his motion for alternative service.

### C. Timely Service of Process

Separate from Mr. Pacheco's motion for alternative service, the Court must also address the timeliness of service in this action. Fed. R. Civ. P. 4(m); *see also Harris v. LaFord*, No. 14-1304, 2014 WL 4249774, at \*4 (E.D. Pa. Aug. 28, 2014). Federal Rule of Civil Procedure 4(m) requires the Court to "dismiss [an] action without prejudice . . . or order that service be made within a specified time" if service is not made within 90 days of the plaintiff filing a complaint.

---

[1] The Court is compelled to note the oddity of Mr. Pacheco's request for alternative service on Ms. Padjan by certified mail, return receipt requested, given the fact that the Pennsylvania Rules of Civil Procedure permitted Mr. Pacheco to utilize this very method of service within 90 days of filing his Complaint. *See* Pa. R. Civ. P. 404(2) (permitting service within 90 days by mail pursuant to Rule 403 if defendant will be served outside of Pennsylvania); Pa. R. Civ. P. 403 (allowing for service "by any form of mail requiring a receipt signed by the defendant or his authorized agent").

Fed. R. Civ. P. 4(m).  Rule 4(m)'s 90-day deadline passed on September 29, 2016, over a month before Mr. Pacheco even filed the present motion.  Nonetheless, the Court will exercise its discretion to allow Mr. Pacheco an additional three weeks to effectuate service.

### III.    Conclusion

For the foregoing reasons, the Court will deny Plaintiff's Motion for Alternative service.

\*      \*      \*

An appropriate Order follows.

BY THE COURT:

S/Gene E.K. Pratter
GENE E.K. PRATTER
United States District Judge